# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**ANTHONY M. WORTHAM**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

Civil No.: 5:16CV76
Criminal No.: 5:11CR25
(JUDGE STAMP)

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 7, 2016, ANTHONY M. WORTHAM ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 5:16CV76, ECF No. 1; Criminal Action No. 5:11CR25, ECF No. 29).[1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

### II. FACTS

Petitioner was adjudged guilty of conspiracy to distribute more than 500 grams of cocaine and more than 28 grams of cocaine base, in violation of 21 U.S.C. 846,

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action, 5:11CR25.

1

841(a)(1) and 841(b)(1)(B). On September 14, 2011, the Petitioner was sentenced to a term of 151 months imprisonment followed by 5 years of supervised release. Judgment, ECF No. 16. According to the Pre-Sentence Report ("PSR"), Petitioner was a career offender within meaning of U.S.S.G. § 4B1.1 of the guidelines for the following reasons (1) Petitioner was 18 years or older at the time of the commission of the instant offense; (2) the instant offense was a felony involving a controlled substance; and (3) Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense. PSR, ECF No. 39 at 13, at ¶ 50. The Petitioner did not file an appeal of his conviction or sentence.

In this Motion to Vacate Under 28 U.S.C. § 2255, the Petitioner alleges that pursuant to the decision in <u>Johnson v. United States</u>[2], his career offender status is no longer valid under the residual clause. According to the PSR, the previous felony convictions that qualified petitioner as a career offender were trafficking in drugs in the vicinity of juveniles and trafficking in drugs in Logan County, Ohio and trafficking in drugs in Shelby County, Ohio. PSR, ECF No. 15, at 13, ¶ 50. The Petitioner alleges that these convictions were not violent crimes under the residual clause of U.S.S.G §4B1.2(a)(2). For relief, Petitioner asks that he be re-sentenced without the career offender enhancement. ECF No. 37.

### III. ANALYSIS

In <u>Johnson</u>, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. <u>Johnson v. United States</u>, 135 S.Ct. 2551, 2555-57

---

[2] <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015).

(2015). The only portion of the ACCA that was invalidated was the residual clause defining "violent felony" as any crime punishable by more than one year in prison that "or otherwise involves conduct that presents a serious potential risk of physical injury to another;…." 18 U.S.C. § 924(e)(2)(B)(ii). Specifically, this means that the provision of the ACCA defining "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that 18 U.S.C. § 924(e)2)B): "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive,…." remain in full force and effect as well. Therefore, it is only a very narrow portion of the definition of "violent felony" that has been held unconstitutional.

Since Johnson was decided, many prisoners who were given enhanced sentences under § 4B1.1 of the United States Sentencing Guidelines ("USSG") as career offenders have challenged their sentences by arguing that the residual clause of the career enhancement 4B1.2(a)(2) is unconstitutionally vague.[1] The residual clause of USSG § 4B1.2(a)(2) is identical to the residual clause in the ACCA that Johnson ruled unconstitutional. Like the ACCA, only a narrow portion of § 4B1.2(a)(2) defining

---

[1] The Fourth Circuit recently issued a decision which addressed the term "crime of violence" in §4B1.2. See In re Hubbard, ___ F.3d ___, 2016 WL 3181417 (4th Cir. June 8, 2016). Although the Court did not find that the career offender residual clause unconstitutional per se, it did grant the petitioner leave to file a successive § 2255 motion. Moreover, the United States Supreme Court recently granted a writ of certiorai in Travis v. Beckles, ___ S.Ct. ___, 2016 WL 1029080 (June 27, 2016). Among the issues presented in the case is whether Johnson applies retroactively to collateral cases challenging federal sentences under the residual clause in USSG § 4B1.2(a)(2) (defining "crime of violence").

3

"crime of violence" would be applicable if the U.S. Supreme Courts holds that the residual clause of USSG § 4B1.2(a)(2) is unconstitutional as well.

Petitioner was sentenced on September 14, 2011, as a career offender under U.S.S.G. § 4B1.1. At the time, the relevant provision read:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. In turn, this provision relied on §4B1.2 for definitions of key terms. At that time, the following definitions were provided:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

  (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or

  (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

(b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(c) The term 'two prior felony conviction' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c). The date that a defendant sustained a conviction

4

> shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of <u>nolo</u> <u>contendere</u>.

U.S.S.G. § 4B1.2(emphasis added).

Accordingly, the residual clause of §4B1.2(a)(2), contained the same language as the ACCA which was struck down as unconstitutional in <u>Johnson</u>. Moreover, the Court acknowledges that some defendants sentenced as a career offender under the residual clause of §4B1.2(a)(2) may be entitled to relief if the holding in <u>Johnson</u> is extended to career offenders.[2] However, the instant case does not require such analysis. Petitioner's two prior convictions which resulted in his career offender status were felony convictions for controlled substances. Neither were "crimes of violence" as defined in the **"or…."** section of 4B1.2(a)(2), also known as the residual clause. Accordingly, Petitioner was not adjudged a career offender based on the definition of "crime of violence" as set forth in the residual clause of U.S.S.G. § 4B1.2(a)(2), and his argument that <u>Johnson</u> renders his sentence void lacks merit.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 5:16CV76, ECF No. 1; Criminal Action No. 5:11CR25, ECF No. 29] be **DENIED** and **DISMISSED** as a career offender who was not sentenced under the residual clause of . U.S.S.G. § 4B1.2(a)(2).

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for

---

[2] The U.S. Supreme Court has not made a decision as to whether the residual clause of U.S.S.G. § 4B1.2 is unconstitutional. See cases cited in footnote above.

such objections. A copy of any objections shall also be submitted to the Honorable FREDERICK P. STAMP, JR., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 7-7-2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE