IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ANTHONY M. WORTHAM,

        Petitioner,

v.                                    Civil Action No. 5:16CV76
                                    (Criminal Action No. 5:11CR25)
UNITED STATES OF AMERICA,                              (STAMP)

        Respondent.


            **MEMORANDUM OPINION AND ORDER**
           **ADOPTING AND AFFIRMING MAGISTRATE**
            **JUDGE'S REPORT AND RECOMMENDATION,**
           **DENYING PETITIONER'S § 2255 MOTION AND**
              **OVERRULING PETITIONER'S OBJECTIONS**

    The petitioner, Anthony M. Wortham ("Wortham"), filed this pro se[1] motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence under Johnson v. United States, 135 S. Ct. 2551 (2015). This matter was referred to United States Magistrate Judge Robert W. Trumble under Local Rule of Civil Procedure 72.01. The magistrate judge entered a report recommending that Wortham's motion be denied. Wortham filed timely objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, denies the § 2255 motion, and overrules Wortham's objections.

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

I. Background

Wortham was convicted of conspiracy to distribute more than 500 grams of cocaine and more than 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. This Court sentenced Wortham to 151 months of imprisonment to be followed by five years of supervised release. This Court adopted the Presentence Investigation Report ("PSR"), which recommended application of the Career Criminal sentencing enhancement under U.S.S.G. § 4B1.1. Wortham's prior felony convictions included an Ohio conviction for trafficking in drugs in the vicinity of juveniles, and two separate Ohio convictions for trafficking in drugs. Wortham argues that under Johnson, the Career Criminal enhancement should not have been applied, and he asks this Court to resentence him.

Magistrate Judge Trumble concluded that Johnson does not apply to Wortham's conviction because he was not deemed a Career Criminal under U.S.S.G. § 4B1.2(a)'s residual clause defining "crime of violence." In his objections, Wortham argues that the PSR defines his current offense and prior offenses as crimes of violence. He argues that they could only have been defined as crimes of violence under U.S.S.G. § 4B1.2(a)'s residual clause, and that the residual clause is invalid after Johnson.

## II. Applicable Law

Because the petitioner timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Section 4B1.1 of the United States Sentencing Guidelines provides for a sentencing enhancement for a "career offender." A defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the . . . offense of conviction; (2) the . . . offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2011 ed.).[2] A "controlled substance offense" is any federal or state offense "punishable by imprisonment for a term exceeding one year" and that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . .

---

[2] The Presentence Investigation Report was prepared using the 2011 edition of the United States Sentencing Guidelines. See ECF No. 15 at 12.

with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). A "crime of violence" is

> any offense under federal or state law punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**.

U.S.S.G. § 4B1.2(a) (emphasis added).

The underlined phrase above is referred to as U.S.S.G. § 4B1.2(a)'s residual clause, and it includes substantially the same language as the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). In Johnson, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. Wortham argues that he was sentenced under U.S.S.G. § 4B1.2(a)'s residual clause, and that the residual clause is void for vagueness under Johnson. The question of whether Johnson's holding also applies to invalidate U.S.S.G. § 4B1.2(a)'s residual clause is currently pending before the Supreme Court. See Beckles v. United States, No. 15-8544, 136 S. Ct. 2510 (2016). However, even if Johnson applies to U.S.S.G. § 4B1.2(a)'s residual clause, Wortham is not entitled to relief because his predicate offenses were not crimes of violence under U.S.S.G. § 4B1.2(a)'s residual clause.

4

Wortham's offense of conviction was for conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a). Wortham has a prior Ohio conviction for trafficking in drugs in the vicinity of juveniles, and two separate, prior Ohio convictions for trafficking in drugs. Each of these offenses was "punishable by imprisonment for a term exceeding one year" and for violating federal or state laws that "prohibit[] the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b); see also Ohio Rev. Code § 2925.03. Accordingly, Wortham is a "career offender" under U.S.S.G. § 4B1.1 because his offense of conviction was a "controlled substance offense," and he had at least two prior convictions of a "controlled substance offense." Thus, Wortham is not entitled to relief under Johnson.

Further, Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the petitioner in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, this Court finds that Wortham fails to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). This Court concludes that reasonable jurists would not find this Court's ruling to be debatable. Accordingly, Wortham is DENIED a certificate of appealability by this district court. Wortham may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue a certificate of appealability.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 8/196) is AFFIRMED AND ADOPTED. Accordingly, Wortham's § 2255 motion (ECF No. 1/190) is DENIED and Wortham's objections to the report and recommendation (ECF No. 201) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 17, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE